1
2
3
4
5
6
7

8                            UNITED STATES DISTRICT COURT
                             WESTERN DISTRICT OF WASHINGTON
9                                       AT TACOMA

10  JAMES D. SMITH,
11                  Plaintiff,                    Case No. C05-5156RJB
12          v.                                    REPORT AND
                                                  RECOMMENDATION
13  BRIAN MCGARVIE, *et al*.,                     Noted for August 26, 2005
14                  Defendants.
15

16      This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. This matter comes before

17  the court on plaintiff's motion to compel and motion for injunctive relief (Docs. 21 & 23). Both motions

18  seek a court order for immediate medical treatment. For reasons set forth below, the Court should deny

19  both requests for injunctive relief.

20                                           DISCUSSION

21      The basic function of injunctive relief is to preserve the <u>status quo ante litem</u> pending a

22  determination of the action on the merits. <u>Los Angeles Memorial Coliseum Com'n v. National Football

23  League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two

24  standards, the "traditional" or the "alternative." <u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th Cir. 1987).

25  "Under the traditional standard, a court may issue injunctive relief if it finds that (1) the moving party will

26  suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3)

27  the balance of potential harm favors the moving party; and (4) the public interest favors granting relief....

28  Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a

REPORT AND RECOMMENDATION
Page - 1

combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." Id. (citations omitted).  In order to obtain injunctive relief, the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention.  Caribbean Marine Services Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).  After reviewing the underlying complaint, both motions and defendants' opposition brief, this court first finds plaintiff has not shown that he is entitled to any requested injunctive relief.

Plaintiff's complaint is centered on his alleged need for medical treatment to his right shoulder. When an inmate plaintiff is claiming an Eighth Amendment violation as a result of a medical condition, the standard that must be shown is deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825 (1994). To prevail, the plaintiff must "show that the course of treatment the doctors chose was medically unacceptable under the circumstances … and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996), cert. denied, 519 U.S. 1029 (1996). The indifference to medical needs must be substantial. Inadequate treatment due to malpractice, or even gross negligence does not amount to a constitutional violation. Estelle, 429 U.S. at 106; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A difference of medical opinion does not amount to deliberate indifference to serious medical needs. Sanchez v.Vild, 891 F.2d 240, 242 (9th Cir. 1989); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Dr. Hopfner examined plaintiff and recommended an MRI on Plaintiff's shoulder, the MRI has been deferred, essentially by Dr. Stern, who is the Medical Director for the Department of Corrections, pending the results of physical therapy.  Plaintiff is unable to show that this course of treatment or the decision by Dr. Stern is deliberately indifferent to his medical needs.

## CONCLUSION

Plaintiff's requests for preliminary injunction should be denied since plaintiff has not shown a likelihood of success on the merits of his underlying complaint.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver

of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 26, 2005**, as noted in the caption.

DATED this 25th day of July, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge