UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES D. SMITH,

           Plaintiff,

    v.

BRIAN MCGARVIE, *et al.*,,

           Defendants.

Case No. C05-5156RJB

ORDER ON PENDING MOTIONS

    The Court, having reviewed Plaintiff's motion for miscellaneous relief (to strike the declaration of Sharon Morgan)(Doc. 30), Plaintiff's motion for discovery (Doc. 33), Plaintiff's motion for appointment of counsel (Doc. 37), Plaintiff's motion for miscellaneous relief (to strike defendants' affirmative defenses) (Doc. 38), and the balance of the record, does hereby find and ORDER:

    (1) Plaintiff's motion to strike the declaration of Sharon Morgan, which was filed by defendants in support of their opposition to plaintiff's motion for a temporary restraining order is DENIED.

    (2) Plaintiff's motion for discover is DENIED, without prejudice. Local rules require parties to make reasonable efforts to resolve discovery disputes without court intervention. Local Rule CR 37(a) states:

> A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-fact meeting or a telephonic conference. If the court fins that counsel for any party, or a party proceeding pro se, willfully refuses to confer, fails to confer in good faith, or fails to respond on a timely basis to a request to confer, the court may take action as stated in GR3 of these rules

Plaintiff has not shown the court that a reasonable effort to confer with defendants' counsel has been made

ORDER
Page - 1

regarding to the discovery matters.

(3)  There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances.  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  Wilborn, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*.   Moreover, it appears that this case does not involve exceptional circumstances which warrant appointment of counsel. Accordingly, Plaintiff's Motion to Appoint Counsel is DENIED.

(4) Plaintiff's motion to strike defendants' affirmative defenses is DENIED.

DATED this 29th day of September, 2005.

>   */s/ J. Kelley Arnold*
>   J. Kelley Arnold
>   United States Magistrate Judge