UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES D. SMITH,

          Plaintiff,

          v.

BRIAN MCGARVIE, *et al.*,

          Defendants.

Case No. C05-5156RJB

ORDER GRANTING
EXTENSION OF TIME

    This matter is before the court on Plaintiff's motion for an extension of time (Doc. 80). The court, having reviewed the record does hereby find and ORDER:

    1. Defendants do not oppose an extension of time in this matter to submit dispositive motions and the joint status report. Accordingly, the court will grant a 60 day extension of those dates. Dispositive motions shall be filed and served on or before **November 30, 2006.** The Joint Status Report is due by **December 30, 2006.**

    Plaintiff shall note the following:

        The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
        Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and

documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998).

2.  The clerk is further directed to send copies of this Order to plaintiffs and to counsel for defendants.

DATED this 18th day of September, 2006.

/s/ J. Kelley Arnold
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 2